IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CENTRAL STATES, SOUTHEAST AND )
SOUTHWEST AREAS PENSION FUND; )
and CHARLES A. WHOBREY, as Trustee, )
                                          ) Case No. 26-cv-08010
                *Plaintiffs,* )
                                          ) Judge
       v.                            )
                                          ) Magistrate Judge
SCHWEBEL BAKING COMPANY, )
                                          )
            *Defendant.* )
                                          )

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") and Charles A. Whobrey, one of the Pension Fund's present trustees, allege as follows:

## JURISDICTION AND VENUE

1. This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and is a suit to recover employer contributions owed to the Pension Fund by Defendant in accordance with applicable collective bargaining and trust fund agreements.

2. This Court has jurisdiction over this action under section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. Venue lies in this Court under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Pension Fund is an "employee benefit plan" as that term is defined in ERISA and is administered at its principal place of business in Chicago, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Pension Fund's Trust Agreement, which designates this district as the appropriate forum for lawsuits to collect unpaid contributions.

FV: 525768312 / 26-15031661 / 7/9/26           -1-

## PARTIES

4.      The Pension Fund is an employee benefit plan and trust, with its principal and exclusive office located at 8647 West Higgins Road in Chicago, Illinois.

5.      The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses of the Pension Fund.

6.      Plaintiff Charles A. Whobrey is a trustee and "fiduciary" of the Pension Fund as that term is defined in ERISA. Pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), Charles A. Whobrey is authorized to bring this action on behalf of the Pension Fund and its participants and beneficiaries in his capacity as a trustee and fiduciary.

7.      Defendant Schwebel Baking Company ("Schwebel") is a corporation organized under the laws of the State of Ohio. Schwebel is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

## BACKGROUND INFORMATION

8.      Local Union Nos. 52, 92, and 377 affiliated with the IBT (the "Local Unions") are labor organizations that represent, for the purpose of collective bargaining, certain employees of Schwebel and employees of other employers in industries affecting interstate commerce.

9.      During all relevant times, Schwebel and the Local Unions have been parties to a collective bargaining agreement (the "CBA") pursuant to which Schwebel has been required to make contributions to the Pension Fund on behalf of its covered employees.

10.     Schwebel is also party to a Participation Agreement which requires Schwebel to pay contributions to the Pension Fund.

11.     Schwebel agreed to be bound by the terms of the Pension Fund Trust Agreement (the "Trust Agreement") and all rules and regulations promulgated by the Trustees under said Trust Agreement.

12.     Under Article III, Section 1 of the Pension Fund's Trust Agreement, Schwebel was required to "remit continuing and prompt Employer Contributions to the [Pension Fund] as required by the applicable collective bargaining agreement, participation agreement," and the Trust Agreement.

13.     Article XIV, Section 4 of the Pension Fund's Trust Agreement provides:

> Non-payment by an Employer of any moneys due shall not relieve any other Employer from its obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any Employer Contributions due to the Trustees from the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law. The interest payable by an Employer with respect to past due Employer Contributions (other than withdrawal liability) prior to the entry of a judgment, shall be computed and charged to the Employer (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) at an annualized interest rate of 7.5% (whichever is greater). . . . Any judgment against an Employer for Employer Contributions owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid Employer Contributions. The interest rate after entry of a judgment against an Employer for Employer Contributions (other than withdrawal liability) shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month

for which the interest is charged, *or* (b) at an annualized interest rate of 7.5% (whichever is greater), and such interest shall be compounded annually.

14.     The Pension Fund relies upon participating employers to self-report the work history of eligible employees. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks worked by the covered employees. Based upon the employee work history reported by the employers, the Pension Fund bills the employers for contributions.

## STATUTORY AUTHORITY

15.     Section 515 of ERISA, 29 U.S.C. § 1145, provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

16.     Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) provides:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A)     the unpaid contributions,

(B)     interest on the unpaid contributions,

(C)     an amount equal to the greater of--

(i)      interest on the unpaid contributions, or

(ii)     liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)     reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E)     such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

**COUNT I – DELINQUENT CONTRIBUTIONS TO THE PENSION FUND**

17.     Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 16 of this Complaint as though fully set forth herein.

18.     Schwebel reported to the Pension Fund the work history of two of its covered employees for the period of February 15, 2026 through April 25, 2026, and remitted the corresponding contributions to the Pension Fund.

19.     Subsequently, on or about June 9, 2026, Schwebel reported to the Pension Fund a correction to the work history of the two covered employees, which resulted in additional contributions owed by Schwebel to the Pension Fund for the period of February 15, 2026 through April 25, 2026. Schwebel failed to remit the full balance of the additional contributions owed to the Pension Fund.

20.     Additionally, on or about June 7, 2026, Schwebel reported to the Pension Fund the work history of its covered employees for the period of April 26, 2026 through May 30, 2026, but never remitted the corresponding contributions to the Pension Fund.

21.     Thus, during the period of February 15, 2026 through May 30, 2026, Schwebel's covered employees performed work for which contributions were required to be (but were not) remitted to the Pension Fund.

22.     Schwebel breached the provisions of ERISA, the CBA, the Participation Agreement and the Pension Fund's Trust Agreement by failing to pay all of the contributions owed to the Pension Fund for the period of February 15, 2026 through May 30, 2026.

23.     Despite demands that Schwebel perform its statutory and contractual obligations with respect to making contributions to the Pension Fund, Schwebel has refused to pay the amounts that are due as a consequence of the conduct set forth in paragraphs 18 through 21.

24.     Schwebel owes the Pension Fund $109,684.96 for unpaid contributions (not including interest) for the period of February 15, 2026 through May 30, 2026, as a result of the conduct set forth in paragraphs 18 through 21.

**WHEREFORE**, Plaintiffs request the following relief:

(a)     A judgment against Defendant in favor of the Pension Fund, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for:

(i)     the unpaid contributions owed to the Pension Fund based upon the employee work history reported by Defendant;

(ii)    interest on the unpaid contributions computed and charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) an annualized interest rate of 7.5%;

(iii)   an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions; and

(iv)    attorney's fees and costs.

(b)     Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

(c)     For such further or different relief as this Court may deem proper and just.

## COUNT II - EQUITABLE RELIEF

25.     Plaintiffs incorporate the allegations of paragraphs 1 through 24 as if fully restated herein.

26.     Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), provides: "A civil action may be brought . . . by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

27.     Pursuant to the CBA, the Participation Agreement, and the Trust Agreement, Schwebel is subject to an ongoing obligation to pay contributions to the Pension Fund.

28.     However, as noted in Count I above, Schwebel has failed to remit payment to the Pension Fund for any contributions owed to the Pension Fund for the period of April 26, 2026 through May 30, 2026.

29.     Schwebel's next monthly contribution to the Pension Fund (for the period of May 31, 2026 through June 27, 2026) is due on July 15, 2026, and is estimated by the Pension Fund to be approximately $86,652.16.

30.     Additional contribution liabilities will continue to accrue on a monthly basis after the payment due on July 15, 2026 under the CBA, the Participation Agreement, and the Trust Agreement.

31.     Schwebel has not disputed that it is obligated to make ongoing monthly contributions to the Pension Fund.

32.     However, Schwebel has stated that, due to its financial condition, it will not make any future contributions that become due and owing to the Pension Fund.

33. The Pension Fund has no adequate remedy at law to redress Schwebel's continued refusal to comply with its obligation to remit the required contributions.

34. Unless Schwebel is enjoined from failing to comply with its obligation to submit the required contributions, the Pension Fund will suffer irreparable harm.

35. Employer contribution delinquencies such as those incurred by Schwebel adversely affect the Pension Fund's ability to meet funding standards and negatively impact the financial integrity of the Pension Fund.

36. In addition, Schwebel's continued delinquency will cause the Pension Fund to lose the benefit of interest income that it would otherwise earn and cause the Pension Fund to incur additional administrative expenses in connection with the detection and remedying of the delinquencies.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A temporary restraining order, preliminary injunction, and/or permanent injunction enjoining Defendant Schwebel from violating the provisions of the documents cited above (i.e., ERISA, the CBA and Participation Agreement that Defendant Schwebel entered into, and the Trust Agreement) that require Defendant Schwebel to timely remit contributions to the Pension Fund; and

(b) Such further or different relief as the Court may deem proper and just.

Respectfully submitted,

*/s/ Sterling Coleman-Selby*
Sterling Coleman-Selby (ARDC #6343160)
Central States Funds, Law Department
8647 W. Higgins Road, 8th Floor
Chicago, IL 60631-2803
(847) 939-2146
scoleman@centralstatesfunds.org
*Attorney for Plaintiffs*

July 9, 2026